IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALL-INCLUSIVE AQUATICS, LLC, TERTIA ALLEN, MEGAN DIDULO, KASSANDRA HODGEN, KELSEY LAWRENCE, and LILIES & SPARROWS MEDIA LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MCKENZIE SCHNEIDER, and BRIDGE TO INDEPENDENCE, INC., <br><br> Defendants. | 8:25CV333 <br><br> **MEMORANDUM ORDER** |

Attorney Thomas C. Dorwart ("Dorwart") filed this action (Filing No. 1) against defendants McKenzie Schneider and Bridge to Independence, Inc. on May 6, 2025, purportedly on behalf of named plaintiffs All-Inclusive Aquatics, LLC ("All-Inclusive"), Tertia Allen, Megan Didulo ("Didulo"), Kassandra Hodgen, Kelsey Lawrence, and Lilies & Sparrows Media, LLC (together, the purported "plaintiffs"). The complaint contains a jumble of claims, including the following unfocused quotation:

> (1) fraudulent misrepresentation, (2) misappropriation of the Plaintiff's trade secrets, (3) false designation of origin under Lanham Act 43(a), (4) unlicensed use of the Plaintiff's copyrighted materials, (5) defamation and casting the Plaintiff's clients in a false light, (6) unauthorized disclosure of PHI under HIPPA and (6) unjust enrichment.

On September 12, 2025, Dorwart moved to withdraw from the case without explanation (Filing No. 7). The magistrate judge[1] held a telephonic hearing on Dorwart's motion to withdraw on September 22, 2025 (Filing Nos. 10, 11). Only Dorwart was

---

[1]The Honorable Ryan C. Carson, United States Magistrate Judge for the District of Nebraska.

present. At the hearing, the magistrate judge asked Dorwart to clarify which plaintiffs he represents. Dorwart claimed to represent all the plaintiffs but stated he had only ever communicated with Didulo, who allegedly operates All-Inclusive. Dorwart claims the other four plaintiffs were "associated" with All-Inclusive but admits that he never had any communication with them or any sort of engagement agreement.[2] Dorwart denies even having their contact information and says he entered his appearance on their behalf solely based on information he received from Didulo—who has since ceased responding to him.

The magistrate judge, justifiably concerned with Dorwart's apparent lack of authority to enter an appearance on behalf of the four uncontacted plaintiffs, asked Dorwart how he planned to communicate his withdrawal to them. Dorwart dubiously replied that he believed the uncontacted plaintiffs were working with Didulo, so in his view, communicating with only Didulo was sufficient to give notice of his withdrawal.[3] The magistrate judge made clear that was not sufficient and ordered Dorwart to provide a certificate of service verifying that he sent a copy of his motion to withdraw to each of the named plaintiffs. Dorwart said he would. The motion to withdraw was denied.

Dorwart's shocking conduct in this case raises a host of ethical concerns.[4] An attorney who is admitted to practice in this Court "must comply with the Nebraska Rules of Professional Conduct" as well as this Court's "local rules that address attorney conduct and discipline." NECivR 1.8(a). An attorney who fails to comply with the Nebraska Rules of Professional Conduct commits misconduct. *Id.*

---

[2] Dorwart's explanation is rife with concerning inconsistencies. At one point during the hearing, Dorwart stated the uncontacted plaintiffs were Didulo's employees, but the complaint seems to allege that some of them are the parents of Didulo's patients.

[3] Dorwart never explained how he came to "represent" the other company in this case, Lilies and Sparrows Media, LLC.

[4] In addition to the ethical concerns noted herein, Dorwart is likely in violation of Federal Rule of Civil Procedure 11(b). The claims raised could not have been "formed after an inquiry reasonable under the circumstances" when absolutely no communication between counsel and all but one of the plaintiffs has occurred. Fed. R. Civ. P. 11(b).

The Nebraska Supreme Court establishes the Nebraska Rules of Professional Conduct that attorneys must follow. Those rules state an attorney *shall* "reasonably consult with the client about the means by which the client's objectives are to be accomplished" and "keep the client reasonably informed about the status of the matter[.]" Neb. Ct. R. of Prof. Cond. § 3-501.4(a). "A lawyer *shall* explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." *Id.* § 3-501.4(b) (emphasis added). There can be no doubt that Dorwart failed to meet his duty to "consult with [his] client[s]" about their objectives and keep them "reasonably informed" about the case because—by his own admissions—he has *never* communicated with them. *See id.* § 3-501.4.

Moreover, the Nebraska Rules of Professional Conduct provide that a lawyer "must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation." *Id.* § 3-501.16(c). The magistrate judge ordered Dorwart to send a copy of his motion to withdraw to *each* of the plaintiffs that he "represents" and file a certificate of service to verify that he had done so (Filing No. 11). Apart from filing a certificate of service showing that he sent an email to Didulo (Filing No. 13), Dorwart has not complied with this order. Nor has he shown any efforts to contact the other named plaintiffs, including Lilies & Sparrows Media, LLC, whose contact information appears to be publicly available. Dorwart's failure to even attempt to communicate with his supposed clients is plainly inadequate.

The magistrate judge also informed Dorwart during the motion-to-withdraw hearing that he was ordering the plaintiffs to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and warned Dorwart that failure to comply with the show-cause order would result in dismissal without further notice (Filing No. 12). That order set a deadline for October 22, 2025. Unsurprisingly, the plaintiffs— who likely do not even know this action exists—did not respond to the show-cause order.

3

Accordingly, on October 24, 2025, the magistrate judge entered his Findings and Recommendation (Filing No. 14), recommending the complaint be dismissed "for lack of prosecution" pursuant to Rule 4(m). *See also* 28 U.S.C. § 636(b)(1) (allowing a district judge to "designate a magistrate judge to conduct hearings . . . and to submit" proposed findings and recommendations to involuntarily dismiss an action). As one would expect, neither party has objected or responded. Section 636(b)(1) allows a party to object in writing to a magistrate judge's "proposed findings and recommendations" regarding a dispositive matter "[w]ithin fourteen days after being served with a copy" of the proposed disposition. *See also* Fed. R. Civ. P. 72(b)(3); NECivR 72.2.

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Failing to prosecute is also grounds for dismissal. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Furthermore, failing to comply with the Court's show-cause order provides additional grounds for dismissal. *See* Fed. R. Civ. P. 41(b) (providing for involuntary dismissal if the plaintiff fails to prosecute or follow a court order).

The Court has difficulty attributing dismissal to the "failure" of the plaintiffs to prosecute a case they likely have no knowledge of, filed by an attorney they have likewise never met. Nevertheless, the fact remains that no one—not even the contacted plaintiff, Didulo—has complied with Rule 4(m) or the show-cause order. Thus, the Court finds that dismissal is warranted. Accordingly,

IT IS ORDERED:

1. The magistrate judge's Findings and Recommendation (Filing No. 14) is accepted. Any objections are deemed waived.
2. This case is dismissed without prejudice.
3. A separate judgment will issue.

Dated this 4th day of December 2025.

                                        BY THE COURT:

                                        Robert F. Rossiter, Jr.
                                        Chief United States District Judge

5